UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:  Chapter 11

OLEUM EXPLORATION, LLC,  Case No. 5:19-bk-00664 (MJC)

Debtor.

## DECLARATION IN SUPPORT OF DISMISSAL OF CHAPTER 11 CASE WITH CONDITIONS

WILLIAM F. SAVINO declares under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1. I am co-counsel for secured creditor PAPCO, Inc. ("PAPCO") and make this Declaration in support of the request by PAPCO that the Order to be entered by this Court dismissing the chapter 11 case of the Debtor, Oleum Exploration, LLC pursuant to 11 U.S.C. §1112(b) because of the failure of the Debtor to meet the "Production Threshold" (and, hence, the "Effective Date" under the Plan) include certain provisions to avoid prejudice to PAPCO and to the Debtor, which are the Joint Proponents ("Proponents") of the Revised Joint Plan of Reorganization (ECF Doc. No. 428) (the "Plan") which was Confirmed by Order of July 22, 2020 (ECF Doc. No. 509) (the "Confirmation Order") and to preserve the rights and remedies of the parties after dismissal of the chapter 11 case from acts taken in good faith after (and in reliance on) entry of the Confirmation Order under the Plan to implement the "Conditions Precedent" under the Plan including Section III(B)(6)(n) of the Plan:

> n. Section III(B)(6) of the Plan provides for treatment of the secured claim of PAPCO, Inc. including the provision that The Proponents shall work in good faith to confirm and implement the Plan as soon as practicable (Emphasis added).

2. Article VIII (A)(4) of the Plan provides as a "Condition Precedent to the Effective Date" that not only the "Production Threshold" be met, but that "4. All material authorizations, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Plan and the transactions contemplated herein shall have been obtained."

3. Now that the chapter 11 case will be dismissed because there has been no "Effective Date," the rights and remedies of the Proponents as against each other will be prejudiced by acts taken by the Proponents in anticipation of satisfaction of the Conditions of the Effective Date.

4. While any Orders entered by this Court (other than the Confirmation Order) should be fully preserved and should not be vacated by the operation of the dismissal of the Chapter 11 case, and any interim payments or distributions made by the Debtor should be fully preserved and should not be vacated, but any other action taken by the Debtor and by PAPCO after entry of the Confirmation Order and in anticipation of the satisfaction of the Effective Date should be unwound and deemed null and void in order to preserve the rights and remedies of the Proponents as against each other and avoid the prejudice which would otherwise be caused by the parties' good faith implementation of one of the Conditions of to the Occurrence of the Effective Date.

5. A proposed Order Dismissing Chapter 11 Case with Conditions is herewith submitted to effect the preservation of rights and remedies as between PAPCO and the Debtor.

6. The submission of the within proposed Order is without prejudice to any submissions by the Debtor which may be made to the Court which the Court deems to evidence sufficient cause to vacate or modify this Court's May 17, 2022 Order (ECF Doc. No. 622).

Dated: September 19, 2022

                                                     s/ *William F. Savino*  
                                                     William F. Savino